FICTION OF LAW — *BLACK'S 5th Ed.*

562

**Fictio legis neminem lædit** /fíksh(iy)ow líyjəs némənəm líydət/. A fiction of law injures no one. 3 Bl.Comm. 43.

**Fiction of law.** An assumption or supposition of law that something which is or may be false is true, or that a state of facts exists which has never really taken place. An assumption, for purposes of justice, of a fact that does not or may not exist. A rule of law which assumes as true, and will not allow to be disproved, something which is false, but not impossible. Ryan v. Motor Credit Co., 30 N.J.Eq. 531, 23 A.2d 607, 621.

These assumptions are of an innocent or even beneficial character, and are made for the advancement of the ends of justice. They secure this end chiefly by the extension of procedure from cases to which it is applicable to other cases to which it is not strictly applicable, the ground of inapplicability being some difference of an immaterial character.

See also **Legal fiction**.

*Estoppels distinguished.* Fictions are to be distinguished from estoppels; an estoppel being the rule by which a person is precluded from asserting a fact by previous conduct inconsistent therewith on his own part or the part of those under whom he claims, or by an adjudication upon his rights which he cannot be allowed to question.

*Presumptions distinguished.* Fictions are to be distinguished from presumptions of law. By the former, something known to be false or unreal is assumed as true; by the latter, an inference is set up, which may be and probably is true, but which, at any rate, the law will not permit to be controverted. It may also be said that a presumption is a rule of law prescribed for the purpose of getting at a certain conclusion, though arbitrary, where the subject is intrinsically liable to doubt from the remoteness, discrepancy, or actual defect of proofs.

**Fictitious.** Founded on a fiction; having the character of a fiction; pretended; counterfeit. Feigned, imaginary, not real, false, not genuine, nonexistent. Arbitrarily invented and set up, to accomplish an ulterior object.

**Fictitious action.** An action brought for the sole purpose of obtaining the opinion of the court on a point of law, not for the settlement of any actual controversy between the parties. See **Declaratory judgment**; **Feigned action**; **Feigned issue**.

**Fictitious name.** A counterfeit, alias, feigned, or pretended name taken by a person, differing in some essential particular from his true name (consisting of Christian name and patronymic), with the implication that it is meant to deceive or mislead. See also **Alias**.

**Fictitious payee.** Negotiable instrument is drawn to fictitious payee whenever payee named in it has no right to it, and its maker does not intend that such payee shall take anything by it; whether name of payee used by maker is that of person living or dead or one who never existed is immaterial. Goodyear Tire & Rubber Co. of California v. Wells Fargo Bank & Union Trust Co., 1 Cal.App.2d 694, 37 P.2d 483. The test is not whether the named payee is "fictitious" but whether the signer intends that he shall have no interest in the instrument. U.C.C. § 3-405.

**Fictitious person.** A person, who, though named as payee in a check has no right to it or its proceeds because the drawer of it so intended. Johnston v. Exchange Nat. Bank of Tampa, 152 Fla. 228, 9 So.2d 810, 811, 812. See **Fictitious payee**.

**Fictitious plaintiff.** A person appearing in the writ, complaint, or record as the plaintiff in a suit, but who in reality does not exist, or who is ignorant of the suit and of the use of his name in it. It is a contempt of court to sue in the name of a fictitious party. — *Any*

**Fictitious promise.** See **Promise**.

**Fide-commissary** /fáydiy kómǝsèhriy/. A term derived from the Latin "*fidei-commissarius*," and occasionally used by writers on equity jurisprudence as a substitute for the law French term "*cestui que trust*," as being more elegant and euphonious. See Brown v. Brown, 83 Hun. 160, 31 N.Y.S. 650.

**Fidei-commissarius** /fáydiyay kòmǝsériyǝs/. In the civil law, this term corresponds nearly to our "*cestui que trust*." It designates a person who has the real or beneficial interest in an estate or fund, the title or administration of which is temporarily confided to another.

**Fidei-commissum** /fáydiyay kǝmísǝm/. In the civil law, a species of trust; being a gift of property (usually by will) to a person, accompanied by a request or direction of the donor that the recipient will transfer the property to another, the latter being a person not capable of taking directly under the will or gift. Elements of "fidei commissum" are that donee or legatee is invested with title and charged or directed to convey it to another or to make particular disposition of it. Succession of Abraham, La.App., 136 So.2d 471, 478.

**Fide-jubere** /fáydiy jǝbíriy/ fáydiy júwbiyz? fáydiy júwbiyow/. In the civil law, to order a thing upon one's faith; to pledge one's self; to become surety for another. *Fide-jubes? Fide-jubeo:* Do you pledge yourself? I do pledge myself. One of the forms of stipulation.

**Fide-jussio** /fáydiy jǝsh(iy)ow/. An act by which any one binds himself as an additional security for another. This giving security does not destroy the liability of the principal, but adds to the security of the surety.

**Fide-jussor** /fáydiy jǝsǝr/. In Roman law, a guarantor; one who becomes responsible for the payment of another's debt, by a stipulation which binds him to discharge it if the principal debtor fails to do so. 3 Bl.Comm. 108. He differs from a co-obligor in this, that the latter is equally bound to a debtor, with his principal, while the former is not liable till the principal has failed to fulfil his engagement. The obligation of the fide-jussor was an accessory contract; for, if the principal obligation was not previously contracted, his engagement then took the name of mandate. The sureties taken on the arrest of a defendant, in the court of admiralty, were formerly denominated "*fide jussors*." 3 Bl.Comm. 108.

**Fidelitas** /fǝdíylǝtæs/. Fealty; fidelity. See **Fealty**.

**Fidelitas.** De nullo tenemento, quod tenetur ad terminum, fit homagii; fit tamen inde fidelitatis sacramen-

DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA

**NOTARIZED SWORN AFFIDAVIT**

Date October 31, 2005
CASE NUMBER: 2:05mc3263-T

I, Debra G. Golson, (live real Natural born flesh and blood Woman), a free Person, do NOT have any "Number" (known as a "Taxpayer License Number", Social Security Number", "Taxpayer I.D." Number, or any other "moniker"), Swear to the best of my knowledge, information and belief that there is No Evidence "on the Record" to support an ORDER TO SHOW CAUSE, against "ficticious Party" DEBRA G. GOLSON which DOES have a Socialist-Slave I.D. Number" (fiction, Ens Legis).

The Petitioner has cited a **"Fictitious Party"** as **"RESPONDENT"** which is a "Fraud upon the Court" and "Contempt of Court" (see Black's Law Dictionary 5th Edition).

All documents received under duress and under protest.

I swear the above Information is true, complete, and correct to the best of my knowledge, information, and belief under Penalties of Perjury and my "Commercial Liability" (Notarized Signature).

_[signature]_

Notary Endorsement:  Signature witnessed before me this date; _11-1-05_

Cc: R. Randolph Neely
Certified Mail # 7005 0390 0001 0094 9029
Certified Mail # 7005 0390 0001 0094 9036

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

    Ms Debra Hackett
    Clerk of the Court
    One Court Street
    Montgomery, AL 36104

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Robert Browder    ☒ Agent  ☐ Addressee

B. Received by (Printed Name): Robert Browden
C. Date of Delivery: 11-3-5

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label): 7005 0390 0001 0094 9029

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

    R Randolph Neeley
    One Court Square
    Suite 201
    Montgomery, AL 36104

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Nancy Yarn   ☐ Agent  ☐ Addressee

B. Received by (Printed Name): Nancy Yarn
C. Date of Delivery: 11/3/05

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label): EQ 051145343 US

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540