IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CASE NUMBER 2:05mc3263-T |
| ) | |
| ) | Jurisdictional Bar Declared |
| PETITIONER, ) | |
| ) | |
| v. ) | |
| ) | |
| DEBRA G. GOLSON, ) | |
| ) | |
| RESPONDENT. ) | |

I, Debra G. Golson, Sovereign, a free Woman, am not a criminal and have never been accused or convicted of any crime, am not a trustee/fiduciary or transfer agent of, or representing in any way, DEBRA G. GOLSON, RESPONDENT, appearing specially and not generally under duress and without prejudice, for the sole purpose of challenging the courts jurisdiction in peronam and in rem. Special notice denying consent and or permission for Petitioner to decide, rule upon or adjudicate the jurisdiction bar statement of the accused before the court.

To all those to whom these presents shall come know ye, comes now Declarant Debra G. Golson in Propria Persona without the assistance of unfettered counsel of choice by special appearance under threat, duress and coercion for the sole purpose of challenging jurisdiction in personam and in rem and specially files this notice denying consent and or permission for Petitioner to decide, rule upon or adjudicate jurisdictional challenge/statement of Declarant as follows:

This Declarant, in and by enhancing the doctrine of sovereignty lawful status jurisdictional immunity has taken lawful steps to establish a lack of jurisdiction in this case. Jurisdiction is being asserted by the UNITED STATES OF AMERICA, PLAINTIFF in this case. All persons or agencies which are involved or will be involved acting in a state capacity are part of the jurisdiction so asserted. This would of necessity include all United States Courts and Tribunals at trial and appellate level. Therefore this Declarant denies any and all consent and or permission expressed or implied for this court and any other United States court to rule upon, decide, decree, adjudge or otherwise adjudicate the jurisdictional challenge statement in the court filed.

Said court file is by this reference made part hereof. No jurisdiction exist in the absence of consent and or permission for said court to in any way dispose of the jurisdictional bar on record. This special appearance of this Declarant are not to be construed as acquiescence to the court for the preliminary or final disposition of the jurisdictional challenge statement on file.

Brady v. U.S., 397 US 742 (1970) "Waivers of Constitutional rights not only must be voluntary, but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences."

The Declaration of Independence declares "That to secure these rights, Governments are instituted among Men, deriving their just powers from the consent of the governed".

Yick Wo v. Hopkins 118 U.S. 356 (1886) the Court held "Sovereignty itself is, of course, not subject to law, for it is the author and source of law; but in our system, while sovereign powers are delegated to the agencies of government, sovereignty itself remains with the people, by whom and for whom all government exists and acts. And the law is the definition and limitation of power."  Chisholm v. State of Georgia , 2 U.S. 419, (Dall.) 455 (1793) "States and Governments were made for man; and, at the same time, how true it is, that his creatures and servants have first deceived, next vilified, and, at last, oppressed their master and maker. ...Let a State be considered as subordinate to the People: "The State of Georgia is NOT Sovereign, Mr. Chisholm IS." Kawananakoa v. Polyblank (1907) 205 U.S. 349  "A sovereign (the lawgiver) is exempt from suit, not because of any formal conception or obsolete theory, but on the logical and practical ground that there can be no legal right as against the authority that makes the law on which the right depends." "A suit presupposes that the defendants are subject to the law invoked. Of course it cannot be maintained unless they are so." U.S. Supreme Court in Bailey v. Drexel Furniture Co., 259 U.S. 20 (1922): "...all that Congress would need to do, hereafter, in seeking to take over to its control any one of the great number of subjects of public interest, jurisdiction of which the states have never parted with, and which are reserved to them by the Tenth Amendment, would be to enact a detailed measure of complete regulation of the subject and enforce it by a so-called tax upon departures from it. To give such magic to the word 'tax' would be to break down all constitutional limitation of the powers of Congress and completely wipe out the sovereignty of the states"; U.S. Supreme Court American Banana Co. v. United Fruit Co., 213 U.S. 347 (1909) "Words having universal scope, such as 'every contract in restraint of trade,' 'every person who shall monopolize,' etc., will be taken, as a matter of course, to mean only everyone subject to such legislation, not all that the legislator subsequently may be able to catch."

Dated November 19, 2005

Respectfully submitted Debra G. Golson Declarant in Propria Persona a layman.

*[signature: Debra G. Golson]*
Debra G. Golson
Sovereign

In Her Own Stead, under Protest,
and by Special Appearance Only,

*In Propria Persona*

All Rights Reserved Without Prejudice